IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS H. GARCIA, #M41479, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| JOHN BALDWIN, SANDRA FUNK, MIKE FUNK, JOHN/JANE DOE, and JEFFREY MOLENHOUR, | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 18−cv–1001−SMY

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carlos Garcia, an inmate at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Lawrence Correctional Center ("Lawrence"). Plaintiff claims the defendants have failed to protect him from a sexual assault, discriminated against him based on his sexual orientation, and punished and suppressed his speech in violation of the Eighth, Fourteenth, and First Amendments. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which

1

>relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune
>from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff is a member of the LGBTQ community who was raped by a member of an Illinois Department of Corrections ("IDOC") Latino Security Threat Group. (Doc. 1, p. 5). Plaintiff remains at "very high risk of being brutally assaulted or/and violently raped." *Id.* Defendants Doe, Molenhour, and M. Funk "were each presumably placed on notice that Plaintiff had been brutally assaulted and raped." (Doc. 1, p. 7). However, because of his membership in IDOC's LGBTQ community, they failed or refused to meaningfully intervene by implementing preventative or corrective measures. (Doc. 1, p. 8). These defendants mishandled the facts surrounding Plaintiff's assault and rape. *Id.* Plaintiff was also found ineligible for placement in protective custody. *Id.*

Defendants Baldwin, S. Funk, M. Funk, and Molenhour have a "practice of punishing

'out, loud, and proud' gay men by knowingly placing them in living situations where they're at an increased likelihood of physical assault and/or violent rape." (Doc. 1, p. 11). They also have a practice of "ignoring risk screening information to determine housing, bed, work, education, and program assignments, with the goal of keeping those inmates at high risk of being sexually victimized separate from those at high risk of being sexually abusive." *Id.* The actions of these defendants resulted in Plaintiff's assault, which has left him feeling as if he is "going crazy, disrupted, overwhelmed, and unable to cope." (Doc. 1, pp. 11-12).

Defendants M. Funk, Doe, and Molenhour discriminated against Plaintiff because he is gay. (Doc. 1, p. 14). These defendants "are fully aware that their token investigatory measures and perfunctory administrative proceedings have not (and will not) resolve either purposeful gender discrimination, or the disproportionate impact on members of the LGBTQ community, yet they persist unimpeded in their unlawfulness." (Doc. 1, pp. 14-15). Plaintiff requests declaratory, monetary, and permanent injunctive relief. (Doc. 1, pp. 10, 12, 16, 18)

## Discussion

The Court will adhere to the 3 Counts designated by the Plaintiff in this *pro se* action, as articulated below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** First Amendment claim against Defendants Doe, Molenhour, and M. Funk for placing Plaintiff in a dangerous housing situation and failing to implement corrective measures to protect Plaintiff after he was raped because he is gay, causing him to reconsider being openly gay.
>
> **Count 2 –** Eighth Amendment claim against Defendants Baldwin, S. Funk, M. Funk, and Molenhour for maintaining a practice of not using screening information to protect inmates at high risk of sexual assault from those at high risk of being sexually abusive, and placing Plaintiff in a dangerous housing situation because of his sexual orientation.

**Count 3 –** Fourteenth Amendment equal protection claim against Defendants Doe, Molenhour, and M. Funk for placing Plaintiff in a dangerous housing situation and failing to implement corrective measures to protect Plaintiff after he was raped because he is gay.

As discussed in more detail below, Counts 1, 2, and 3 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1] Further, to the extent Plaintiff has indicated that he is suing the Defendants in their official capacities, the Court will assume he also intends to sue them in their individual capacities, lest some of his claims be barred.[2]

## Count 1 – First Amendment

"The Constitution prevents governmental actors from forbidding, or penalizing, speech that is protected under the first amendment." *Fairley v. Andrews*, 578 F.3d 518, 524 (7th Cir. 2009). Under the First Amendment, an inmate's speech is protected if it relates to a matter of public concern and not simply to the inmate's own interests. *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Sasnett v. Litscher*, 197 F.3d 290, 292 (7th Cir. 1999). "Several legal authorities have suggested that one's identity as a homosexual—even though it is in essence a private matter—is inherently a matter of public concern because it 'necessarily and ineluctably'

---

[1] Plaintiff indicates in the footnotes of his Complaint that he seeks any relief available to him under the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15607. However, federal courts have consistently found that the language of that statute gives rise to no private right of action. *See Ross v. Gossett*, 2016 WL 335991, at *4 (S.D. Ill. 2016) (surveying cases and holding that PREA does not include a privation right of action) (citing *Amaker v. Fischer*, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (citing cases); *Collen v. Yamaoka*, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (citing cases)). *See also Amaya v. Butler*, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017) (same); *Ephrain v. Gossett*, 2016 WL 3390659, at *5 (C.D. Ill. June 17, 2016) (same). This Court also finds no private right of action that arises under PREA.

[2] The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars official capacity claims for monetary damages. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

4

involves that person in the ongoing public debate regarding the rights of homosexuals." *Weaver v. Nebo School District*, 29 F. Supp. 2d 1279, 1284 (D. Utah 1998) (citing *Rowland v. Mad River Local School District, Montgomery County, Ohio*, 470 U.S. 1009, 1012 (1985) (Brennan, J., dissenting from denial of certiorari)).

Plaintiff claims that Defendants Doe, the Chief Administrative Officer at Lawrence, Molenhour, an internal affairs investigator at Lawrence, and M. Funk, IDOC's PREA Coordinator, were presumably placed on notice[3] that he was raped, but because he is gay, failed to intervene by implementing preventative or corrective measures, including by finding that he was ineligible for placement in protective custody. Plaintiff also alleges that some of these defendants maintain a practice of placing openly gay individuals in dangerous housing situations. He maintains that these actions have, in essence, punished him for being gay and discouraged him from remaining openly gay.

At this early stage, the Court must accept Plaintiff's factual allegations as true and liberally construe the Complaint. Under this standard, the Court cannot say that Plaintiff has not stated a First Amendment claim upon which relief may be granted against Doe, Molenhour, and M. Funk. Further factual development is necessary. Count 1 will therefore proceed against these defendants.

### **Count 2 – Eighth Amendment**

To succeed on his Eighth Amendment claim against Baldwin, S. Funk, M. Funk, and Molenhour, Plaintiff has to show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that these defendants were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The "deliberate indifference" requirement means that

---

[3] Plaintiff supports this presumption, at least with respect to Molenhour, in his assertion that Molenhour was responsible for conducting the investigative work following Plaintiff's assault and rape. (Doc. 1, p. 7).

"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, the Complaint suggests that the some of the defendants intentionally placed Plaintiff in a dangerous housing situation, refused him protective custody, and have failed to implement measures to protect him from sexual assault, even after he was raped and knowing that he was and remains at high risk for such assault because of his sexual orientation. These allegations may plausibly be attributed, at this stage, to S. Funk, M. Funk, and Molenhour, particularly given their positions within IDOC and Lawrence.

However, Plaintiff has failed to allege facts sufficient to implicate Baldwin in this deliberate indifference claim. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Baldwin is the statewide Director of IDOC. Without plausible allegations indicating personal involvement on the part of Baldwin, Plaintiff appears to be seeking to hold this top state official liable for the misdeeds of subordinate staff. Because the doctrine of *respondeat superior* is not applicable to § 1983 actions, however, he may not do so. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

For the reasons above, Count 2 will proceed against Molenhour, S. Funk, and M. Funk, and will be dismissed without prejudice as against Baldwin.

## Count 3 – Fourteenth Amendment

The Equal Protection Clause protects against discrimination based on sexual orientation. *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015), citing *Baskin v. Bogan*, 766 F.3d 648, 654-

55 (7th Cir. 2014). To establish a prima facie case of discrimination under the Equal Protection Clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993), quoting *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989).

Plaintiff claims that he was mistreated, and treated differently, by Doe, Molenhour, and M. Funk in various ways because of his sexual orientation, as described in more detail under Count 1. Taking these allegations as true, and given the low standard applicable at this stage, the Court finds these allegations support an equal protection claim against Doe, Molenhour, and M. Funk. Count 3 will therefore proceed.

**Identification of John/Jane Doe**

Plaintiff will also be allowed to proceed with Counts 1 and 3 against Defendant John/Jane Doe. However, this defendant must be identified with particularity before service of the Complaint can be made on him or her. Where an inmate's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the inmate should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the current Warden of Lawrence will be added as a defendant in his or her official capacity only, and shall be responsible for responding to discovery (formal or otherwise) aimed at identifying this defendant, described by Plaintiff as Lawrence's Chief Administrative Officer at all times relevant to this lawsuit. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John/Jane Doe is discovered, Plaintiff shall file a motion to substitute

7

the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**Disposition**

The **CLERK** is **DIRECTED** to **ADD WARDEN OF LAWRENCE** (official capacity only) as a defendant in CM-ECF for the purpose of responding to discovery aimed at identifying John/Jane Doe.

**IT IS HEREBY ORDERED** that **COUNTS 1** and **3** shall **PROCEED** against **DOE**, **MOLENHOUR**, and **M. FUNK**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **MOLENHOUR**, **M. FUNK**, and **S. FUNK** and is **DISMISSED** without prejudice against **BALDWIN**.

**IT IS FURTHER ORDERED** that **BALDWIN** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for **DOE** (once identified), **MOLENHOUR, M. FUNK, S. FUNK,** and **WARDEN OF LAWRENCE** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JOHN/JANE DOE** until such time as Plaintiff has identified him or her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 29, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**